IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GEORGE HOEY MORRIS, | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-1005-MEF |
| | | (WO) |
| HOMELAND SECURITY, *et al.*, | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983/*Bivens*[1] complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged because of his unlawful arrest and incarceration due to the conduct and actions of Defendants.[2]  Plaintiff names as defendants the Department of Homeland Security, Immigration Customs Enforcement, the Alabama Attorney General's Office, Thomas Coram, Jr., Michael Chertoff, Attorney General Troy King, and Assistant Attorney General Matthew Beam.  Plaintiff seeks as relief his release from custody.

Under th Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners

_____

[1]*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[2]Federal courts have analogized *Bivens* claims to claims under  42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a constitutional right.  *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3]

## I. DISCUSSION

Plaintiff alleges that Defendants used their positions and authority to conspire with one another in various ways to execute his unlawful arrests, conduct illegal searches, fabricate, manufacture, and/or concoct criminal charges against him, deny him lawful release from pre-trial detention, and use false evidence against him in order to obtain his convictions on various federal offenses. Plaintiff demands his release from custody as a result of the conduct and actions of the named defendants.

The records of this court reflect that on October 6, 2006 Plaintiff was convicted of violating 18 U.S.C. § 2421, Transportation for Illegal Sexual Activity; 18 U.S.C. § 2422(a), Coercion or Enticement of a Female; 18 U.S.C. § 2423(a), Transportation of a Minor for Sexual Purposes; 18 U.S.C. § 2423(b), Traveling in Foreign Commerce to Engage in Sexual Activities with a Minor; and 18 U.S.C. § 1546(a), Visa Fraud. *See United States v. Morris*, Criminal Action No. 2:05-CR-108-LSC (M.D. Ala.). The court's records further establish

---

[3]The screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998). In this case, Plaintiff paid the full civil filing fee of $350.00. Notwithstanding the full payment of the filing fee, however, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

that on October 31, 2006 Petitioner was convicted of violating 18 U.S.C. § 1542, False Statement in Application/Use of a Passport. *See United States v. Morris*, Criminal Action No. 2:06-CR-218-MHT (M.D. Ala.). Petitioner is awaiting sentencing for these convictions.

Plaintiff's allegations of violations of his constitutional rights, which allegedly occurred prior to and/or during Plaintiff's criminal proceedings which resulted in the afore-mentioned convictions, are subject to dismissal. To the extent Plaintiff challenges his federal convictions, a civil rights lawsuit under 42 U.S.C. § 1983/*Bivens* is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Further, § 1983/*Bivens* may not be used to challenge the fact of a plaintiff's federal criminal conviction. Rather, the proper vehicle for mounting such a challenge would be either on direct appeal or a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

In filing this action, Plaintiff seeks as relief his release from custody. The core of his claims concern matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983/*Bivens* action for federal writ of habeas corpus challenging the basis for ongoing detention or a motion pursuant to § 2255 to attack a federal conviction, a prisoner fails to state a claim under § 1983/*Bivens*. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir.

3

1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983/*Bivens* action.[4] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(A)(b)(1) and/or (2).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2) and that this case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before December 21**,** 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore,

---

[4]Compensatory and punitive damages are available in a 42 U.S.C. § 1983/*Bivens* action but not by way of a writ of habeas corpus or a § 2255 motion. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE