# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **GEORGE HOEY MORRIS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) CASE NO. 2:06 – CV – 1005 – MEF |
| **TROY KING (INDIVIDUALLY),** | ) |
| **MATTHEW BEAM** | ) |
| **(INDIVIDUALLY), et al.** | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS

COMES NOW the Defendant, The Honorable Troy King, Attorney General for the State of Alabama, and Mathew Beam, former Assistant Attorney General, by and through the undersigned counsel, and respectfully moves the court to dismiss the actions against them on the following grounds:

1.  The Plaintiff has failed to state a claim against these Defendants upon which relief may be granted.

2.  The Defendants are entitled to absolute sovereign immunity under Article 1, § 14 of the Alabama Constitution (1901).

3.  The Defendants are entitled to state agent immunity.

4.  The only allegations against these defendants are that Attorney General King and Mr. Beam "issued search warrants and ordered Morris's arrest with two warrants from their office." Regardless of the fact that Mr. Beam worked in the General Civil Litigation Division of the Office of the Attorney General and never prosecuted individuals criminally, never issued warrants and never ordered arrests, even if true, both Attorney General King and Mr. Beam

would be immune from suit due to prosecutorial immunity. A prosecutor cannot be held civilly liable for actions taken in his or her official capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976). According to the Eleventh Circuit, "[s]tate prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts 'intimately associated with the judicial phase of the criminal process.'" *Mullinax v. McElhenney*, 817 F. 2d 711, 714-15 (11th Cir. 1987), quoting *Imbler*, 424 U.S. at 430.

5. The doctrine of sovereign immunity also applies to state officers and employees, who enjoy immunity from an action filed against them in either their official or individual capacity if the action is, in substance, one against the state. *Ex parte Alabama Department of Transportation*, 764 So.2d 1263 (Ala. 2000). Consequently, Attorney General King and Mr. Beam are entitled to both absolute and discretionary function immunity.

6. It is clear from the face of the complaint, that any alleged actions of Attorney General King and Mr. Beam that can be garnered therein were either acts intimately associated with the judicial phase of the criminal process or were discretionary acts. "Discretionary acts" are defined as "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances." *Wright v. Wynn,* 682 So.2d 1 (Ala. 1996).

7. Both Attorney General King and Mr. Beam are entitled to qualified immunity pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Further, qualified immunity is not just a bar to damages, it is a bar to suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject

to suit for every move they make. This would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. *Mitchell*, 472 U.S. at 525-26; see also *Hunter v. Bryant*, 502 U.S. 224, 229 (1991); *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

8.  Immunity is a threshold issue; therefore, a ruling should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

WHEREFORE, premises considered, Defendants, Attorney General Troy King and Matthew Beam, requests that the complaint against them be dismissed with prejudice.

> Respectfully submitted,
>
> TROY KING
> ATTORNEY GENERAL
>
>
> /s/ Benjamin H. Albritton
> Benjamin H. Albritton ASB-0993-R67B
> ASSISTANT ATTORNEY GENERAL

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 11th day of December, 2006, served a copy of the foregoing via electronic filing and by first-class United States Mail, postage prepaid and addressed upon the following:

George Hoey Morris
Montgomery City Jail
P.O. Drawer 159
Montgomery, AL  36104

/s/ Benjamin H. Albritton
Benjamin H. Albritton
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152
334-242-7300
334-242-2433 (Fax)